## W. S. Goosey et al. v. Peter C. Goosey et al.

1. CONTRACTS—CONSTRUCTION.—It is a cardinal rule, in the construction of written instruments, to give the words their ordinary and grammatical meaning, and then gather from the entire instrument the intent of the parties.

2. SAME.—The whole instrument must be considered in determining the meaning of its separate parts, so that, if practicable, harmony and congruity may be attained, *ex antecedentibus et consequentibus*.

3. SAME—DEEDS.—The rule, that if there be earlier clauses in a deed repugnant to later clauses, the later shall prevail, does not apply where the inconsistent clauses can be made to harmonize with the general purpose of the parties as derived from the whole instrument.

4. CASE AT BAR.—Two deeds in trust conveyed from Lambden and others to Richards, trustee, the property in controversy for the use Elizabeth Goosey, wife of Peter C. Goosey, for life, and remainder to her issue, who should survive her in case she should die before said husband. A subsequent clause confers power on her to dispose of the property by will in case she should die before him. It appears from recitals in the deeds that said Elizabeth had been of great assistance to the parties grantor in antecedent matters therein referred to, and that they therefore desired to confer upon her, for the use of herself and her children, a beneficial interest in the estate thus conveyed. *Held,* that she had the power, by the deeds, to either dispose of the remainder by will, or by making no will, allow it to go, at her death, to her children; and that, she having chose to exert her power of disposal by will, such disposition was valid as against the children, their rights as contingent remaindermen having been thereby defeated.

APPEAL from the chancery court of Yazoo county. HOOKER, Chancellor.

The facts sufficiently appear in the argument, and in the opinion of the court.

*Miles & Epperson,* for appellants.

This case involves the construction of two deeds of settlement made by Lambden and the Planters' Bank in 1842, to J. R. Richards, trustee for Mrs. Elizabeth Goosey and her children.

By the terms of these deeds (and they are identical in their provisions), the legal title to the property conveyed is vested in Richards, the trustee, with life estate in the *usufruct* to Mrs. Elizabeth Goosey, and remainder over to her children. Harton v. Harton, 7 T. R. 653.

Both she and her children take a present immediate

interest in the property; the privilege to use and enjoy it on the part of the children being postponed until after the death of their mother. The deeds fix absolutely the legal *status* of the parties, and the legal title to the property, and on principles familiar to the profession, neither that *status* nor that title can be changed. The deeds of trust are the law of Mrs. Goosey's title to, and interest in, the property. 36 Miss. 506.

The settlement of the property on Mrs. Goosey and her children was legal. It was to secure her " a comfortable and reasonable means of supporting herself and her children," free from all claims of the grantors, and the claims of all present or future creditors of her husband.

By the terms of the deeds, Richards, trustee, was and is to hold the property and its natural increase in trust for the use, benefit and support of Mrs. Goosey and her children, she to receive annually the increased profits and hires of the trust property to her own use, subject to the control and management of the trustee, and for her individual benefit.

And the deeds further provide, that in case Mrs. Goosey should die before her husband (which she did), then the property and its increase, profits and gains descend to and be equally and fairly divided among her children.

To effectuate the grantor's intention of securing annually to Mrs. Goosey the increased profits and hires of the trust property (subject to the control and management of the trustee) the legal estate was, by the terms of the deeds, vested in Richards, trustee. Hill on Trustees, 234.

But, it may be said, these deeds give Mrs. Goosey power to make a will. So they do. But it is plain that the power to make a will, derived from a deed of settlement, can only be made in pursuance of, or in subordination to, the terms of that deed. 36 Miss. 506.

We insist that the deeds of Lambden and the Planters' Bank entitle Mrs. Goosey to the proceeds only of the trust property during her life. She had no power to use or devise the *corpus* of the estate.

If this be so, she cannot assert a claim to, or devise or bequeath a greater interest in, said property than she was vested with by said deeds. Inasmuch, therefore, as the said deeds of settlement vest the legal title in remainder in the children, she could not by will divest them of it. Her power to make a will must be limited so as to prevent her from defeating the plain intent and obvious meaning of the deeds. These deeds are the law of her title to, and interest in, the trust property, and the measure of her power over it. Ib.

But the will made by her would, in fact, utterly defeat and destroy all right and title of her children in the property. It is therefore void, for want of power in her to make it.

There is another reason why the will is void.

It is a familiar rule of construction that, where clauses are repugnant or incompatible, the earlier prevails in deeds and other instruments *inter vivos*, if the inconsistency be not so great as to avoid the instrument for uncertainty; while in the construction of wills the latter cause prevails, on the ground that it is presumed to be a subsequent thought or purpose of the testator, and therefore to express his last will. 2 Pars. Cont. (5th ed.) 514. Reading the deeds by the light of this rule, we find that the earlier clauses vest the legal title in the trustee, with life estate in the *usufruct* to her, and remainder over to her children.

If the deeds, in their earlier clauses, only entitle Mrs. Goosey to have and dispose of the proceeds of the trust property, she is incapable of asserting or disposing of a greater interest. Ib. 506, and authorities there cited.

*R. Bowman*, on the same side.

By the terms of the deed Richards, as trustee for Mrs. Goosey, took a life estate, with a vested remainder in her children after death.

An estate is vested when there is an immediate right of present enjoyment, a present fixed right of future enjoyment. A vested remainder is a fixed interest to take effect in possession, after a particular estate is spent. 4 Kent Com. § 203.

Where a remainder is limited to the use of several persons who do not all become capable at the same time, as a devise to A. for life, remainder to his children, the children living at the death of the testator take vested remainders, subject to be disturbed by after-born children. 4 Kent Com. § 204.

The children of Mrs. Goosey then, at the date of the deed, 5th November, 1842, took a vested estate in fee in the property conveyed by Lambden and the Planters' Bank, and also that by Joab R. Richards, with the right of possession on the death of Mrs. Goosey.

Courts of equity will not undertake to control the disposition of grantors when they are legal, or to mould them into different forms, or to other or different purposes than those expressed by or naturally arising out of the instrument of trust, nor do they assume to confer additional rights, benefits or obligations to those originally designed by the grantor. Prewitt v. Land, 36 Miss. 505, 506.

The bill alleges, and the demurrer admits that all the property levied on by Peter C. Goosey's creditors was the original lands conveyed to Richards, trustee, and other lands bought with the funds or money arising from the profits of said property so conveyed. By the terms of the deed the property so conveyed was to be free from all the debts of said Peter C. Goosey. The judgments in this case were against him individually, and this property was not liable.

*A. M. Harlow*, for appellees.

Wherever a trust is created or a power reserved by a settlement, to enable the wife after marriage to dispose of her separate property, either real or personal, it may be executed by her in the very manner provided for, whether it be by deed or other writing, or by a will or appointment. 2 Story Eq., § 1388; Fonbl. Eq. B. 1, ch. 2, § 6; note *q.*; Peacock v. Monk, 2 Ves. 191; Doe v. Staples, 2 Term. 695; Oke v. Heath, 1 Ves. 135; Marlborough v. Godolphin, 2 ib. 275; Southby v. Stonehouse, 2 ib. 610, 612.

The doctrine is now firmly established, that in such a case courts of equity will compel the heir of the wife to make a conveyance to the party in whose favor she has made a deposition of her real estate; in other words he will be treated as a trustee of the donee or appointee of the wife. 2 Story Eq., § 1390; Doe v. Staple, 2 T. R. 695; 2 Fonbl. Eq. B. 2, ch. 2, § 6, note *q*; Bradish v. Gibbs, 3 Johns. Ch. 539, 540, 551.

All ante-nuptial agreements for securing to a wife separate property, will, unless the contrary is stipulated or implied, give her in equity the full power of disposing of the same, whether real or personal, by any suitable act or instrument in her lifetime, or by her last will, in the same manner and to the same extent as if she were a *feme sole*. 2 Story Eq., § 1390; Roper on Husband and Wife, ch. 19, § 1, p. 177–198; 2 Fonbl. Eq., B. 1, ch. 2, § 6, note *q*; Wagstaff v. Smith, 9 Ves. 520; Park v. White, 11 ib. 220; Grigby v. Cox, 1 ib. 517; Bradish v. Gibbs, 3 Johns. Ch. 540–551.

If an estate is, during coverture, given to a married woman and her heirs for her separate use, without more, she cannot in equity dispose of the fee from her heirs, but she must dispose of it, if at all, in the manner prescribed by law, as by a fine. 2 Story Eq., § 1392; 2 Roper on Husband and Wife, ch. 19, § 2,

p. 182.    But, if in such case, a clause is expressly
superadded that she shall have power to dispose of the
estate so given to her during her coverture, there
courts of equity will treat such a power as enabling her
effectually to dispose of the estate, notwithstanding
no trustees are interposed.    2 Story Eq., § 1392; 2
Roper on Husband and Wife, ch. 16, § 2, p. 102–104;
ib. ch. 19, § 2, p. 181; Maundrell v. Maundrell, 10
Ves. 254, 255; Clancey on Married Woman, ch. 5, pp.
282, 287; Peacock v. Monk, 2 Ves. 190.

The terms, "for her separate use," are not supposed
to indicate any intention to give her more than the
sole use and power of disposal of the profits of the real
estate during the life of her husband; and more ex-
pressive words are indispensable to demonstrate the
more enlarged intention of conferring an absolute power
to dispose of the whole fee.    2 Story Eq. 751, § 1392.

The use of the more expressive words gives her the
power to dispose of the fee in the manner indicated in
the power.

A married woman having this general power of dis-
posing of her separate property, the question naturally
arises, whether she may bestow it, by appointment or
otherwise, upon her husband; or whether the legal
disability attaches to such a transaction.

Upon this subject the doctrine is now firmly estab-
lished in equity that she may bestow her separate
property, by appointment or otherwise, upon her hus-
band as well as upon a stranger.    2 Story Eq. 754, 755,
§ 1395; Cruger v. Cruger, 5 Barb. 255; Methodist Epis-
copal Church v. Jacques, 3 Johns. Ch. 86, 114; Bra-
dish v. Gibbs, ib. 523.

Courts of equity will not only sanction such a dispo-
sition of the wife's separate property in favor of her
husband when already made, but they will also, in
proper cases, upon her application and consent given in
court, decree such property to be passed to her hus-

band, whether it be in possession or reversion, in such a manner as she shall prescribe. 2 Story Eq. 755, § 1396; Roper on Husband and Wife, 224–226, ch. 20, § 2; Sperling v. Rochfort, 8 Ves. 164, 175.

We concede that courts of equity have no authority, even with the consent of the wife, to transfer to the husband any property secured to her sole and separate use for life, where no power of disposition is reserved to her over the property. 2 Story Eq. 755, § 1396.

The equity of the children is not an equity to which in their own right they are entitled. It cannot be asserted against the wishes or in opposition to her rights. The court, in making a settlement of the wife's property, always attends to the interests of the children, because it is supposed that in so doing it is carrying into effect her own desires to provide for her offspring; but if she dissents the court withholds all rights from the children. 2 Story Eq. 786, § 1417; Hodgens v. Hodgens, 11 Bligh, 104–106.

Where a bill is actually pending for a settlement upon a wife, out of an equitable fund, it is competent for the wife, at any time pending the proceedings, and before a settlement under the decree is completed, or at least before proposals are made under that decree, by her consent given in open court or under a commission, to waive a settlement, and agree that the equitable fund shall be wholly and absolutely paid over to her husband. 2 Story Eq. 787, § 1418; Hodgens v. Hodgens, 11 Bligh, 103–105. In such an event both she and her husband will be deprived of all right whatsoever in and over the fund. 2 Story Eq., § 1418; Murray v. Elibank, 10 Ves. 88, 90; Macaulay v. Phillips, 4 ib. 18, 19.

Simrall, J.:

The complainants claim the property in controversy as remaindermen, after the termination of the life

estate of their deceased mother, under two deeds in trust, mentioned in the pleadings.

The defendants, judgment creditors of Peter C. Goosey, the father of complainants, and surviving husband of their mother, claim that the deeds conferred upon Mrs. Goosey, the beneficiary, a power by last will to dispose of the property, and that she did execute a will, giving the property to her husband; and that it is subject and liable to the satisfaction of their judgments against him.

The deeds in trust, executed by Lambden and the Planters' Bank to Richards, contain these trusts: that Mrs. Goosey shall enjoy the increase, rents, issues and income of the property, for the support of herself and children; and if she should die before her husband, Peter Goosey, then the property to descend to and be equally enjoyed by the children—the issue of a deceased child to take the share its parent, if living, would have been entitled to. By another and subsequent clause of the deeds, power is conferred upon Mrs. Goosey to dispose of the property by last will and testament, if she should die before her husband. In the construction of written instruments the cardinal rule first to be applied is to give to the words their ordinary and grammatical meaning, and then to gather from the entire instrument the intent of the parties. The whole contract must be considered, in determining the meaning of its separate parts, so that, if practicable, harmony and congruity may be attained. The parties make the entire contract, and must be supposed to have the same general purpose and object in view in all its parts; if, therefore, some of the stipulations are more obscure than others, if one part is seemingly inconsistent with another, the main purpose and object may be so clear and distinct as to afford light upon those parts which are less so. It was very felicitously expressed by Lord Ellenborough, in Barton v. Fitzgerald, 15 East, 541:

" It is a true rule of construction that the sense of the parties, in any particular part of an instrument, may be collected *ex antecedentibus et consequentibus.*" Every part may be brought into action to collect from the whole one uniform and consent sense, if that may be done. So it was laid down in Duke of Northumberland v. Fitzgerald, 5 T. R. 522: " It is immaterial in what part of a deed a particular covenant is inserted, for in construing it we must take the whole deed into consideration, in order to discover the meaning of the parties."

It is urged by the appellants that the earlier clauses of the deeds gave an estate for life in the *usufruct* of the property to the mother, remainder to her children; that this intent is plain—and they invoke the rule, that if there be in a deed earlier clauses, which are repugnant and inconsistent with the later ones, the former shall prevail (Shep. Touch. 88; 2 Pars. Cont. 513); therefore, the conclusion is reached that such an estate, in remainder to the childern, is inconsistent with the later covenant, that if Mrs. Goosey dies before her husband, she may dispose of the property by a will. The rule invoked applies in a proper case; if indeed the inconsistency be not so great as to avoid the deed for uncertainty. But such an election shall not be made between inconsistent covenants and clauses, if they can be made to harmonize with the general purpose and scheme of the parties as derived from the whole instrument. The recitals in these deeds disclose that Peter Goosey had executed a mortgage for the benefit of the Planters' Bank, .that his wife had relinquished her dower in the mortgage property, and had otherwise been of great assistance about this business to the bank and its agent. Therefore, these deeds settle upon her a beneficial interest in the property embraced in them, for the support of herself and children, and free from the debts of the husband. The primary

intent was to give her the income for the maintenance of herself and children without let or interference, or marital control, or liability for the husband's contracts. But there was conferred upon her a power during the coverture to make a testamentary disposition of the property if she died before her husband. If no such disposition was made, then the property should go to her children. This construction harmonizes all the parts of the deeds; the property is settled upon her through a trustee, to shield it from the marital rights of the husband; a power (if she died before the husband) to dispose of it by will is given to her. If, however, she chose not to exert it, then her children should take after her death, and not her husband.

Having, however, made a will in favor of her husband, that must prevail, unless the husband, on account of the marital relation, is incapciated to take under the will. Mr. Justice Story (Eq. Jur., vol. 2, § 1395), regards the law as settled, that the husband as well as a stranger may be the appointee. It is essential, however, that no undue influence be used, or advantage taken of the husband's opportunities and marital relation.

If we are correct that the wife was donee for life of the *usufruct* of the property, with remainder to her children, in the event that she died intestate; or, to state the proposition in other words, that the remainder to the children was contingent upon her dying without making an appointment of the estate by will, then it follows that the contingent remainder has been defeated by the will, and the husband took the property as donee under the power.

There is no error in the decree. It is affirmed.